Filed 1/8/21  P. v. Rodriguez CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | B301849 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. A638496) |
| v. | ORDER MODIFYING OPINION AND DENYING REHEARING |
| JOHNNY M. RODRIGUEZ, | |
| Defendant and Appellant. | [NO CHANGE IN JUDGMENT] |

THE COURT:

It is ordered that the opinion filed on December 15, 2020 is modified as follows.

On page 6, the first two sentences of the second full paragraph are deleted and replaced with:  "Here, the record of conviction—i.e., the transcript of the sentencing hearing and the postplea probation report—show that Rodriguez was the actual killer.  At the hearing, the trial court said it had read and considered the probation report and was ready to proceed in accord with the plea agreement."

On page 7, the fourth sentence of the first full paragraph is deleted and replaced with: "Moreover, Rodriguez made these acknowledgements in the context of the probation report, which Rodriguez's counsel expressly asked the sentencing court to rely on."

Page 7, the last sentence of the first paragraph is deleted and replaced with: "He said he was sorry the crime occurred and did not feel he would have shot at anyone had he not been using drugs and drinking beer."

Page 7, the second sentence of the first full paragraph is deleted and replaced with: "However, Rodriguez acknowledged his wrongdoing, apologized for the crime, and said he would not have shot at anyone but for his intoxication."

Footnote 3 on page 7 is deleted.

This modification does not change the judgment.

The petition for rehearing is denied.

NOT TO BE PUBLISHED.

_____

DHANIDINA, J.          LAVIN, Acting P. J.          EGERTON, J.

Filed 12/15/20  P. v. Rodriguez CA2/3 (unmodified opinion)

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>JOHNNY M. RODRIGUEZ,<br><br>        Defendant and Appellant. | B301849<br><br>(Los Angeles County<br>Super. Ct. No. A638496) |

APPEAL from an order of the Superior Court of Los Angeles County, Tammy Chung Ryu, Judge.  Affirmed.

Jonathan E. Demson, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Charles S. Lee and David W. Williams, Deputy Attorneys General, for Plaintiff and Respondent.

————————————

Johnny M. Rodriguez pleaded guilty to second degree murder. Years later, he petitioned for resentencing under Penal Code[1] section 1170.95. After appointing counsel for Rodriguez and soliciting briefing, the trial court denied the petition without issuing an order to show cause. We conclude that the trial court properly denied the petition.

## BACKGROUND

According to a probation report, Rodriguez was a member of the Tortilla Flats gang. The victim David Martinez was in a car with his wife and four others, including his two children. Rodriguez pointed a gun at Martinez and demanded money. Martinez threw money at Rodriguez and drove away, but Rodriguez fired three or four times, killing Martinez.

Rodriguez was charged with second degree murder (§ 187; count 1), robbery (§ 211; count 2), assault with a firearm with an attempt to cause great bodily injury (§ 245, subd. (a); count 3), attempted robbery (§§ 664, 211; count 4), and discharging a firearm at an occupied vehicle (§ 246; count 5). Firearm enhancements under sections 12022.5 and 1203.06, subdivision (a)(1) were also alleged. Rodriguez pleaded guilty to second degree murder and admitted a gun allegation (§ 12022.5). In 1987, the trial court sentenced Rodriguez to an indeterminate term of 15 years to life plus a two-year determinate term.

Thereafter, our Legislature passed Senate Bill No. 1437 (2017–2018 Reg. Sess.), which took effect January 1, 2019. That law amended the felony-murder rule and eliminated the natural and probable consequences doctrine as it relates to murder, all to

---

[1] All further statutory references are to the Penal Code.

the end of ensuring a person's sentence is commensurate with the person's criminal culpability. Based on that new law, a person convicted of murder under a felony murder or natural and probable consequences theory may petition the sentencing court for vacation of the conviction and resentencing if certain conditions are met. (§ 1170.95.)

In 2019, Rodriguez petitioned for resentencing under Senate Bill No. 1437. In his form petition, he checked boxes to indicate he met the requirements for relief under that law, except he did not check the box that he was not the actual killer. Per Rodriguez's request, the trial court appointed counsel for Rodriguez. The parties submitted briefing. The People opposed the petition on the grounds that Senate Bill No. 1437 was unconstitutional and that Rodriguez was ineligible for relief because he was the actual killer. In his reply, Rodriguez argued that Senate Bill No. 1437 was constitutional and denied he was the actual killer, as other members of his gang were present during the shooting and statements he gave to police officers and at parole hearings were made under duress.

After a hearing on the petition, the trial court denied Rodriguez's petition on the ground he was the actual killer and, as such, ineligible for relief as a matter of law.

### DISCUSSION

Rodriguez contends the trial court violated his state and federal constitutional rights by summarily denying his petition.[2] We disagree.

---

[2] The Supreme Court is reviewing whether superior courts may consider the record of conviction in determining whether a defendant has made a prima facie showing of eligibility for relief

3

Under Senate Bill No. 1437, malice may no longer be imputed to a person based solely on the person's participation in the crime; now, the person must have acted with malice aforethought to be convicted of murder. (§ 188; *People v. Munoz* (2019) 39 Cal.App.5th 738, 749, review granted Nov. 26, 2019, S258234.) To that end, the natural and probable consequences doctrine no longer applies to murder. Also, a participant in enumerated crimes is liable under the felony-murder doctrine only if the participant was the actual killer; or with the intent to kill, aided and abetted the actual killer in commission of first degree murder; or was a major participant in the underlying felony and acted with reckless indifference to human life. (§ 189, subd. (e); see *Munoz*, at pp. 749–750.)

Senate Bill No. 1437 also created a petitioning process by which defendants convicted of murder under a now invalid theory can be resentenced. Newly added section 1170.95, subdivision (a) provides that individuals who meet three conditions are eligible for relief: (1) the person must have been charged with murder under a theory of felony murder or murder under the natural and probable consequences doctrine, (2) convicted of first or second degree murder, and (3) could not be convicted of first or second degree murder because of changes to section 188 or 189 made effective January 1, 2019. (See also *People v. Drayton* (2020) 47 Cal.App.5th 965, 973.)

Section 1170.95 provides for multiple reviews of a petition by the trial court. (*People v. Tarkington* (2020) 49 Cal.App.5th

---

under section 1170.95 and when the right to appointed counsel arises under subdivision (c) of that section. (*People v. Lewis* (2020) 43 Cal.App.5th 1128, review granted March 18, 2020, S260598.)

4

892, 897–898, review granted Aug. 12, 2020, S263219; *People v. Drayton, supra*, 47 Cal.App.5th at p. 974; *People v. Cornelius* (2020) 44 Cal.App.5th 54, 57–58, review granted Mar. 18, 2020, S260410; *People v. Verdugo* (2020) 44 Cal.App.5th 320, 328 (*Verdugo*), review granted Mar. 18, 2020, S260493; but see *People v. Cooper* (2020) 54 Cal.App.5th 106, review granted Nov. 10, 2020, S264684.)  Subdivision (b) of section 1170.95 describes an initial review to determine the facial sufficiency of the petition. (*Verdugo*, at p. 328.)  Subdivision (c) of section 1170.95 then describes the next two levels of review.  It provides, "The court shall review the petition and determine if the petitioner has made a prima facie showing that the petitioner falls within the provisions of this section.  If the petitioner has requested counsel, the court shall appoint counsel to represent the petitioner.  The prosecutor shall file and serve a response within 60 days of service of the petition and the petitioner may file and serve a reply within 30 days after the prosecutor response is served. These deadlines shall be extended for good cause.  If the petitioner makes a prima facie showing that he or she is entitled to relief, the court shall issue an order to show cause."

The first sentence in subdivision (c) refers to a prebriefing, initial prima facie review to preliminarily determine a petitioner's statutory eligibility for relief as a matter of law. (*Verdugo, supra*, 44 Cal.App.5th at p. 329.)  In this step of review, the trial court determines, based upon its review of readily ascertainable information in the record of conviction and the court file, whether the petitioner is statutorily eligible for relief. (*Id.* at pp. 329–330.)  The court may review the complaint, the information or indictment, the verdict form or the documentation for a negotiated plea, and the abstract of judgment.  (*Ibid.*)  If

5

these documents reveal ineligibility for relief, the trial court can dismiss the petition.  (*Verdugo*, at p. 330.)

If the record of conviction does not establish as a matter of law the petitioner's ineligibility for resentencing, evaluation of the petition proceeds to the second prima facie review, in which "the court must direct the prosecutor to file a response to the petition, permit the petitioner (through appointed counsel if requested) to file a reply and then determine, with the benefit of the parties' briefing and analysis, whether the petitioner has made a prima facie showing he or she is entitled to relief." (*Verdugo*, *supra*, 44 Cal.App.5th at p. 330.)  The trial court must accept as true the petitioner's factual allegations and make a preliminary assessment regarding whether the petitioner would be entitled to relief if the factual allegations were proved.  (*Id*. at p. 328.)

Here, the record of conviction—i.e., the transcript of the hearing where Rodriguez's plea was taken and the postplea probation report—show that Rodriguez was the actual killer.  At the plea hearing, the trial court said it had read and considered the probation report and was ready to proceed in accord with the plea agreement.  Rodriguez's counsel asked the court to rely on the probation report:  "Your honor, insofar as it should be reflected in the probation report, I'd ask the court to find that I believe what the probation was indicating as to the mitigating circumstance was that the defendant voluntarily acknowledged wrongdoing at an early stage of the proceeding which is the facts of this case."  According to that postplea probation report, Rodriguez was with fellow gang members at the time of the shooting.  Rodriguez approached Martinez's car, pointed a gun at the car, and demanded money.  Rodriguez fired multiple times as

Martinez tried to get away. A shot struck Martinez in the chest. The probation report referred to a police report in which Rodriguez said he was drunk and had smoked marijuana before the shooting and only vaguely remembered what happened. He said he was sorry the crime occurred and did not feel he would have shot anyone had he not been using drugs and drinking beer.

Rodriguez points out that this evidence does not amount to a pronouncement he shot Martinez. However, Rodriguez acknowledged his wrongdoing, apologized for the crime, and said he would not have shot anyone but for his intoxication. It is unclear what Rodriguez was acknowledging if not that he killed Martinez. Moreover, Rodriguez made these acknowledgements in the context of the probation report, which was the factual basis for the negotiated plea and which Rodriguez's counsel expressly asked the sentencing court to rely on.[3] (See *People v. Perez* (2020) 54 Cal.App.5th 896, 901, review granted Dec. 9, 2020, S265254; *Verdugo, supra,* 44 Cal.App.5th at p. 330 [court may rely on "factual basis documentation for a negotiated plea"]; *People v. Hall* (2019) 39 Cal.App.5th 831 [hearsay in probation report admissible to determine Proposition 47 eligibility].) Per that report, Rodriguez was the sole shooter, as there was no evidence of another shooter or that a second gun was used. Although Rodriguez now suggests he made statements acknowledging he was the actual killer under duress, a section 1170.95 is not the vehicle to raise such an issue.

---

[3] By referring to the probation report at the plea hearing, it is clear the trial court relied on it as the factual basis for the plea.

## DISPOSITION

The order is affirmed.

NOT TO BE PUBLISHED.


DHANIDINA, J.


I concur:


EGERTON, J.

LAVIN, J., Concurring:

I agree we should affirm the trial court's order because any error in this case was harmless under any standard of prejudice. (See *People v. Watson* (1956) 46 Cal.2d 818; *Chapman v. California* (1967) 386 U.S. 18.) Indeed, during the August 23, 2019 hearing, petitioner's counsel stated that the court was correct that his client pled guilty to murder as the actual killer and was therefore ineligible for relief under Penal Code section 1170.95. Counsel only argued that his client wanted to explain why he received an unfair sentence, and why the new law should apply to his murder conviction.

LAVIN, Acting P. J.